# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF KENTUCKY
## AT LOUISVILLE

**Case No.**   3:19-CV-431-RGJ

## ELECTRONICALLY FILED

| | | |
|---|---|---|
| JAMAJ JOHNSON | ) | |
| Plaintiff | ) | |
| | ) | CASE NO. __3:19-CV-431-RGJ__ |
| vs. | ) | |
| | ) | |
| OFFICER KELLY HANNA, | ) | |
| INDIVIDUALLY AND IN HER | ) | |
| OFFICIAL CAPACITY AS A POLICE | ) | |
| OFFICER OF LOUISVILLE METRO | ) | |
| GOVERNMENT; | ) | |
| | ) | |
| And | ) | |
| | ) | |
| UNKNOWN INDIVIDUALS, | ) | |
| INDIVIDUALLY AND IN THEIR | ) | |
| OFFICIAL CAPACITY AS POLICE | ) | |
| OFFICERS OF LOUISVILLE METRO | ) | |
| GOVERNMENT; | ) | |
| | ) | |
| And | ) | |
| | ) | |
| CHIEF OF POLICE STEVE CONRAD | ) | |
| INDIVIDUALLY AND IN HIS | ) | |
| OFFICIAL CAPACITY AS CHIEF OF | ) | |
| POLICE FOR LOUISVILLE METRO | ) | |
| GOVERNMENT; | ) | |
| | ) | |
| And | ) | |
| | ) | |
| LOUISVILLE-JEFFERSON COUNTY | ) | |
| METRO GOVERNMENT | ) | |
| | ) | |
| Defendants | ) | |
| | ) | |
| SERVE: | ) | |
| | ) | |
| Officer Kelly Hanna | ) | |
| Louisville Metro Police Department | ) | |
| 633 West Jefferson Street | ) | |

Louisville, KY 40202                        )
                                            )
And                                         )
                                            )
Unknown Individuals                         )
Louisville Metro Police Department          )
633 West Jefferson Street                   )
Louisville, KY 40202                        )
                                            )
And                                         )
                                            )
Chief of Police Steve Conrad               )
633 West Jefferson Street                   )
Louisville Metro Police Department          )
Louisville, KY 40202                        )
                                            )
And                                         )
                                            )
Hon. Greg Fischer, Mayor                    )
527 West Jefferson Street                   )
Louisville, KY 40202                        )
                                            )
And                                         )
                                            )
Hon. Mike O'Connell                         )
Jefferson County Attorney                   )
600 West Jefferson Street, 2nd Floor        )
Louisville, KY 40202                        )

---

## **COMPLAINT**

### INTRODUCTION

This is a Complaint for Damages for Violation of Civil Rights under Title 42 of the

United States Code Annotated (U.S.C.A.) **§** 1981, § 1983 and under the Fourth (4th)

and Fourteenth 14th Amendments to the United States Constitution; Monell-Related

Claims, Respondeat Superior, Discrimination, Failure to Train, Failure to Intervene,

Malicious Prosecution under 42 U.S.C.A. § 1983; and Battery Claim, Malicious

Prosecution, Trespass to Property Wrongful Taking/Conversion, Pretextual Stop Civil

Rights Violation of Section 10 of the Constitution of the Commonwealth of Kentucky

Right To Be Free From Unreasonable Searches & Seizures, Extension of Stop Civil

Rights Violation of Section 10 of the Constitution of the Commonwealth of Kentucky

Right To Be Free From Unreasonable Searches & Seizures, Racially Biased Policing

Civil Rights Violation of Section 3 of the Constitution of the Commonwealth of Kentucky,

Civil Rights Violation Pursuant to Section 3 and 10 of the Constitution of the

Commonwealth of Kentucky Deliberately Indifferent Policies, Practices, Customs,

Training and Supervision, Negligent Supervision and Training Under Kentucky State

Law, Negligence-Ordinary and/or Gross Under Kentucky State Law, and Inflicting of

Emotional Distress —Negligent and/or Intentional Under Kentucky State Law.

This case involves the above listed claims against the above named

Defendants, in which the named Defendants used Racially Biased Policing, and

unlawfully seized and searched, and charged Mr. Johnson for allegedly violating

Kentucky Revised Statutes (KRS) 304.39-080, Security covering motor vehicle and KRS

189.380, Signals. The said Defendants also trespassed upon the privately-owned

vehicle of Mr. Johnson and caused damage.

## JURISDICTION

1. The jurisdiction of this court invoked pursuant to the Civil Rights Act 42 U.S.C.A. §

1983; the Judicial Code, 28 U.S.C.A. §§ 1331, 1367, and 1343(a); the Constitution of the United

States. Therefore, this Court has supplementary jurisdiction powers.

## VENUE

2. Venue is proper under 28 U.S.C.A. § 1391(b). All parties reside in this judicial district,

and the events giving rise to the claims asserted here occurred within this district.

## PARTIES

3. Plaintiff Jamaj Johnson, also referred to herein as ("Mr. Johnson" and/or "Plaintiff"), is

and at all times relevant to this action was a citizen of the United States of America and a

resident of Louisville, Jefferson County, Kentucky.

4. Defendant Officer Kelly Hanna, referred to herein as ("Officer Hanna") was at all times relevant to this action a duly appointed police officers employed by the city of Louisville-Metro Jefferson County.

5. Defendants, Unknown Individuals, referred to herein as ("Unknown Officer" and/or "Unknown Officers" and/or "Unknown Officer #"), are individuals, presently unknown to Mr. Johnson, who to the best of Mr. Johnson's knowledge and belief, are and were duly appointed police officers, agents, servants, subcontractors, employees, assigns, and/or others who worked with, on behalf of, or at the direction of the other named defendant, Defendant Louisville-Metro Jefferson County or who were individually responsible for the injuries and damages suffered by Mr. Johnson.

6. Defendants Officer Kelly Hanna and Unknown Individuals, also referred to herein collectively as "Defendant Officers", now and at all times mentioned in this complaint were on duty at all times relevant to this Complaint, duly appointed, and were sworn police officers for the below named Defendant, Louisville-Metro Jefferson County. Defendant Officers engaged in the conduct complained of in the course and scope of their employment while on duty. Defendant Officers are also sued in their individual capacity.

7. Defendant Chief of Police Steve Conrad, referred to herein as "Defendant Chief" was at all times relevant to this action a duly appointed police officers and the chief of the Louisville Metro Police Department which is maintained by the Defendant Louisville-Metro Jefferson County.  Defendant Chief Steve Conrad was and is employed by the Defendant Louisville-Metro Jefferson County.

8. Defendant Louisville-Metro Jefferson County referred to herein as "Defendant City", is a city in Kentucky and now, and at all times mentioned in this complaint was, a municipal corporation organized and existing under the laws of the State of Kentucky, and maintains a

Police Department, with duly appointed police officers pursuant to the mandate laws of the State of Kentucky, as amended and the said Defendant is a city of the first class.

9.  Defendants Officer Hanna, Unknown Officer, Unknown Officers, Unknown Officer "#", Defendant Officers, Chief, and City are referred to herein collectively as "Defendants".

## COMMON FACTUAL ALLEGATIONS

10.  All events complained of herein occurred in Jefferson County, Kentucky.

11.  Upon information and belief, on or about June 24, 2018, Defendant Officer Hanna accompanied with Defendants Unknown Officers were on patrol for the Louisville-Metro Police Department in Louisville, Jefferson County, Kentucky.

12.  On the same said date, around 6:45 p.m., while it was drizzling, Mr. Johnson a twenty-seven (27) year old African-American male United States citizen was driving a black Chevy Tahoe in a predominant African-American community traveling west bound on Rangeland Road, Louisville Kentucky, when he observed a suspicious looking car began following him very closely.

13.  Mr. Johnson was traveling with his passengers, a female friend and her baby who both are also African-American United States citizens.

14.  Upon information and belief, Defendant Officer Hanna was inside the car that Mr. Johnson noticed following him very closely.

15.  Upon information and belief, the said car that Mr. Johnson noticed following him very closely was an unmarked Louisville-Metro Police cruiser.

16.  While driving west bound on Rangeland Road approaching Poplar Level Road, in Louisville, Jefferson County, Kentucky, Mr. Johnson made a lawful right turn onto Poplar Level Road.

17.  That is when the said Defendant activated her government issued emergency lights, signaling to Mr. Johnson that a traffic stop was being initiating.

18.  At all times material hereto, Mr. Johnson's vehicle, including the windows, had no equipment violations nor had he violated any traffic laws.  Moreover, at all times material hereto, Mr. Johnson has not failed to maintain automobile insurance coverage on the vehicle at issue.

19.  At all times material hereto, Mr. Johnson never consented to any searches.

20.  Mr. Johnson stopped his vehicle in response to Defendant Officer Hanna's show of authority.

21.  As he was stopping he noticed that another unmarked police vehicle crossed in front of his vehicle and blocked him in between that said vehicle and the Defendant Officer Hanna's vehicle.

22.  Then the Unknown Defendant Officer (1) approached Mr. Johnson's driver side window and immediately ordered Mr. Johnson to roll his back windows down and and get out of his vehicle.

23.  Mr. Johnson asked why he was being forced out of his vehicle, the said Defendant told Mr. Johnson "You are going to do what I tell you."

24.  Mr. Johnson told the said officer that he did not consent to any searches.

25. Once Mr. Johnson informed the said defendant that he does not consent to any searches the said defendant officer unlawfully, thus trespassed upon Mr. Johnson's private property and opened the diver side door and ordered Mr. Johnson to exited the vehicle.

26. The said Defendant, without consent of Mr. Johnson, then pressed the window buttons on the door and caused the remaining windows of Mr. Johnson's vehicle to roll down.

27.  Without any provocation by Mr. Johnson and without explanation or justification, Defendant Unknown Officer, ordered Mr. Johnson to exits his vehicle and then searched Mr. Johnson's person for weapons and drugs.  After his/her search was complete to negative

results, Mr. Johnson was ordered to wait outside in the rain on a busy public road near a police car that had its government emergency lights flashing.

28. After Mr. Johnson was forced from his vehicle, he gave Defendant Officer Hanna his drivers license.  Defendant Officer Hanna took possession of Mr. Johnson's driver license and ran a criminal records search of Mr. Johnson, that also concluded to a negative results.   After her search was completed, Mr. Johnson was still forced to stand in the rain and remain detained while Defendant Unknown Officers compelled Mr. Johnson's female friend and her baby from his vehicle, and searched the inside of his vehicle with a police dog.

29. Mr. Johnson's person was searched at least twice, and then his hands were placed behind him and handcuffed by the Defendant Unknown Officer.

30. Upon information and belief, Defendant Unknown Officer 2 came to the driver side window and informed the passenger that they have to run the drug dog.

31. The said Defendant then stated to Defendant Officer Hanna, *these words in effect*, "Lets make what ever, uh, take what ever steps we need to run the dog."

32.  After the passenger and her baby were removed from the vehicle, their belongings were also searched and they were forced to stand in the rain while the Defendant Unknown Officers search Mr. Johnson's vehicle.

33.  The drug dog named "Maverick" without explanation, justification, or probable cause, was placed in Mr. Johnson's vehicle where the dog caused scratches throughout the interior of the said vehicle.

34. After all the unlawful searches were complete to negative results, an Unknown Defendant Officer was heard saying: "If we find any thing at all, um, marijuana residue, or anything else that gives up PC [probable cause]. I can run him, I bet money he would have something on him."

35.  Moreover, after Mr. Johnson kept asking why the Unknown Defendant Officers were performing these searches and having him and his passengers sit outside in the rain for an unreasonable amount of time, Defendant Officer Hanna responded by saying "That is how we roll".

36.  There were other Unknown Officers that were present and knew that Mr. Johnson's rights were intentionally being violated, and condoned the acts of their fellow officers.

37. In light of not having probable cause for the traffic stop nor the unlawful searches that were complete to negative results, the Defendant Officer Hanna inquired to a Defendant Unknown Officer asking if Mr. Johnson had a seat belt on, in which the Defendant Unknown Officer confirmed that Mr. Johnson did have a seatbelt on.

38. Plaintiff was unreasonably detained and falsely imprisoned for an unreasonable period of time without freedom to move.

39. On information and belief, at least one Defendant Unknown Officer unreasonably detained Mr. Johnson, and by their omissions and failure to act or protest the actions of the said Defendant, Defendant Officer Hanna and the other present Unknown Officers impliedly consented to the offensive, unreasonable, and unlawful behavior and committed acts towards Mr. Johnson, his female friend and her baby.

40.  Then Defendants Officer Hanna and Unknown Officer (in which, upon information and belief to be Detective A. Hamilton) willfully issued a Commonwealth of Kentucky Uniform Citation upon Mr. Johnson in an attempt to justify the traffic stop and cover-up the illegal actions of her and her fellow officers.

41.  In that said citation Mr. Johnson was charged with violating Kentucky Revised Statutes (KRS) 304.39-080, Security covering motor vehicle and KRS 189.380, Signals [*Failure to or Improper Signal*], and ordered to appear before the Jefferson County District Court to be arraigned.

42.  Once Mr. Johnson was free to leave, he went home and checked his vehicle and noticed that his magazine and ammo was taken by the Defendant Officers whom conducted the search of his vehicle.

43.  At all times material hereto, Mr. Johnson's vehicle had a legal firearm and one magazine with ammunition legally stored in his vehicle.

44.  Mr. Johnson hired an attorney whom appeared before the Kentucky Jefferson County District court many times in order to defend Mr. Johnson from the criminal prosecution initiated by Defendants Officer Hanna and Unknown Officer (in which, upon information and belief to be a Detective A. Hamilton) to prove his innocence.

45.  Mr. Johnson's case was scheduled for trial in the Jefferson County District Court before a jury on June 21, 2019.

46. However, on May 13, 2019, the charge KRS 304.39-080 — Failure of Owner to Maintain Required Insurance/Security 1st and KRS 189.380 — Failure to or Improper Signal, were dismissed with prejudice. Furthermore, Mr. Johnson did not stipulate to probable cause therefore all the charges were dismissed in favor of Mr. Johnson.

47. In Louisville, 70 percent of the residents are white while roughly 20 percent are black, according to DATA USA that cited the US Census Bureau data from 2015. (DATA USA, *Jefferson County, KY*, https://datausa.io/profile/geo/jefferson-county-ky/#category_heritage (December 09, 2018)).

48. However, according to an article published on December 11, 2017, by the Courier-Journal, a local news media company, "Black drivers in Louisville were nearly twice as likely to have their car searched during routine traffic stops than white drivers in 2016, according to a study from the University of Louisville." (Courier-Journal, *Louisville Police Searched Black Drivers More Often Than White Drivers in 2016, Study Shows*, https://www.courier-journal.com/ story/news/local/2017/12/11/louisville-police-searched-black-drivers-more-often-white-study/

939673001/ (Published December 11, 2017, 12:38 p.m. EST; Last updated December 11, 2017 12:38 p.m. EST))

49. Furthermore, according to the Courier Journal's analysis of 130,999 traffic stops in Louisville from 2016 to 2018 in which citations were issued, African Americans were disproportionately stopped and three times as likely to be searched as white drivers. (Courier-Journal, *Black drivers in Louisville are searched nearly three times more than white motorists*, https://www.courier-journal.com/story/news/crime/2019/06/07/lmpd-data-shows-black-drivers-searched-far-more-than-whites/1369516001/ (Published June 07, 2019, 11:10 a.m. EST; Last updated June 08, 2019 4:15 p.m. EST))

50. Moreover, in regards to how the Louisville Metro Police Department has disproportionately stopped black drivers as to white drivers, the Defendant Chief has been quoted saying, "that in retrospect, routinely stopping motorists 'is something we should have done differently.'" *id*.

### FIRST CAUSE OF ACTION
Monell-Related Cause of Action
**(Constitutional Violations Under 42 U.S.C.A. § 1983)**

51. Plaintiff reallege and incorporate by reference, as though fully set forth here, each and every allegation set forth in the above Paragraphs.

52. It is the custom, practice and policy of police officers and/or their supervisors/agents and/or other employees of the Defendant City's police department to perform the following acts and/or omissions in connection with traffic stops of African American drivers:

(a) Preforming **pretextual** traffic **stops** in which police officers are **stopping** African American drivers because of their race for traffic violations, minor or otherwise to allow the officers to conduct a non-traffic violation investigate influenced exclusively by the race of the driver, in which the police officers searches the drivers and their vehicles for separate and unrelated non traffic suspected

criminal offenses, that were subjectively formed solely from racially bias

motivates.  In other words, police officers are performing traffic stops of black

drivers more than white drivers to search their persons and property for non-

traffic violations, before observing a legitimate traffic violation.

(b) generate documentation to cover-up for racially biased policing and the

misconduct of police officers;

(c) supervisory individuals from the Defendant City fail to properly discipline officers

from the police department that have committed acts of racially biased

policing on others; and

(d) supervisory individuals from Defendant City fail to properly investigate complaints

of misconduct perpetrated by the Defendant City's police officers, on African

American drivers. This practice and/or custom has gone unchecked and been

allowed to exist in the city of Louisville for a significant period of time; so much

so, that police officers for Defendant City recognize that they will not be punished

for committing such acts and that, in fact, these acts are either permitted or

quietly consented to by superior officers of Defendant City in order to permit such

conduct to reoccur.

53. A code of silence exists, between the officers of the Defendant City's police

department so as to obstruct the legal process (preventing the free flow of honest information

with regard to racially biased policing and acts of misconduct).

54. Defendant Chief, has acted with deliberate indifference and reckless disregard by

failing to properly insure that the wrongful conduct of his police staff is properly investigated and

disciplined police officers who have committed racially biased policing towards others.

55. Defendant City is a duly incorporated municipal corporation and is the employer and

principal of the Defendants Chief as well as the other officers referred to in this Complaint, as

indicated in the Monell claim alleged here. At all times material to this Complaint, Defendants Officer Hanna and Unknown Officers were acting under color of state law, ordinance and/or regulation, statutes, custom and usages of the Defendant City.

### SECOND CAUSE OF ACTION
Supplementary Claim for Respondeat Superior

56. Each of the above Paragraphs in this Complaint is incorporated as if restated fully here.

57. The described acts of Defendants Officer Hanna and Unknown Officers were in the scope of their employment and therefore Defendant City, as principal, is liable for the actions of its agents under the doctrine of respondeat superior.

WHEREFORE, should Defendants Officer Hanna and Unknown Officers be found liable for any state claims alleged, Plaintiff demands judgment against Defendant City and such other additional relief, as this Court deems equitable and just.

### THIRD CAUSE OF ACTION
Violation of Civil Rights under Title 42 of the United States Code Annotated (U.S.C.A.) § 1983 and under the Fourth (4th) and Fourteenth 14th Amendments to the United States Constitution
**(Against Defendants Officer Hanna and Unknown Officers, Inclusive)**

58. Plaintiff reallege and incorporate by reference, as though fully set forth here, each and every allegation set forth in the above Paragraphs.

59. This cause of action is brought pursuant to 42 U.S.C.A. § 1983 and the United States Constitution.

60. On or about June 24, 2018, Mr. Johnson possessed the rights guaranteed by the United States Constitution, including but not limited to the Fourth and Fourteenth Amendment rights against unlawful and unreasonable search, seizure, and the right to be free from unlawful detention and/or arrest by police officers acting under the color of law.

61. On the same said date, Defendants Officer Hanna and Unknown Officers, inclusive, acted with deliberate indifference or with reckless disregard for Mr. Johnson's rights, by targeting him for his race.

62. On the same said date, Defendants Officer Hanna and Unknown Officers searched Mr. Johnson without probable cause, and illegally seized, detained and/or arrested Mr. Johnson with reckless disregard of his civil rights, as set forth in detail in Plaintiff's factual allegations.

63. Mr. Johnson is informed and believe and therefore allege that Defendants engaged in the described unlawful acts against him, and facilitated, encouraged and/or instigated such unlawful, racially-motivated and unconstitutional acts, and failed to intervene to stop such acts, nor render any assistance knowing the severity of the injustice being inflicted on him.

64. At the time of the described wrongful acts by Defendants, Plaintiff Mr. Johnson was not engaged in criminal activity of a nature to warrant his unreasonable search, seizure, or battery under the color of law made against him. At the time of the wrongful acts, Mr. Johnson was not displaying any behavior to justify being forced out of his car and unreasonably detained by Defendants Officer Hanna and Unknown Officers. Moreover, the said Defendants lacked probable cause, reasonable suspicion or legal justification to detain and/or arrest Mr. Johnson on any basis.

65. The unreasonable search and seizure of Mr. Johnson was entirely unjustified by any of the actions of Mr. Johnson, and constituted violations of his civil rights.

66. The unlawful seizure, detention and/or arrest of Mr. Johnson was the proximate cause of the damages suffered by him, who not only was unreasonably detained for the purposes of the traffic stop, but was forced under color of law to helplessly watch as his female friend and her baby were forced out of his vehicle to be searched and then left to wait in the rain before being allowed back into Mr. Johnson's vehicle.

67. On or about June 24, 2018, Defendants Officer Hanna and Unknown Officers acted specifically with the intent to deprive Mr. Johnson of the following rights under the United States Constitution:

    (a) Freedom from unreasonable searches;

    (b) Freedom from unreasonable seizures in the form of unlawful detention and/or arrest  by police officers;

    (c) Freedom from a deprivation of Liberty without due process of law;

    (d) Freedom from maliciously being subjected to criminal proceedings; and

    (e) Freedom to move about freely as a citizen of the United States of America.

68. Defendants subjected Mr. Johnson to the mentioned deprivations either by actual malice, deliberate indifference or reckless disregard for his rights under the United States Constitution and the laws of the state of Kentucky.

69. Defendants Officer Hanna and Unknown Officers acted at all times knowing that their conduct went against the legal authorized practices, customs, procedures and policies of the Police Department of the Defendant City and was unlawful conduct in violation of the Fourth Amendment and the laws of the state of Kentucky. However, Defendants Officer Hanna and Unknown Officers knew that Defendant Chief and City, acting through the chief policymaker Defendant Chief, had ratified, condoned, and acquiesced to their specific acts of depriving citizens, such as the Plaintiff, of their Constitution rights and abusive conduct through unauthorized, yet established practices, customs and procedures and thus did not fear any repercussion from Defendant City, or Defendant Chief in taking the unlawful action against Mr. Johnson.

70. As the direct and proximate cause of the mentioned acts of Defendants, Plaintiff suffered psychological injury, physical injuries, and severe emotional distress.

71. By reason of the mentioned acts and omissions of Defendants, Mr. Johnson was caused to incur special damages, including medical expenses and loss of earnings, and general damages in an amount to be proved at trial.

72. By reason of the mentioned acts and omissions of Defendants, Mr. Johnson was required to retain counsel to institute and prosecute this action, and Mr. Johnson request payment by Defendants of a reasonable sum as and for attorney's fees pursuant to 42 U.S.C.A. § 1988.

73. The mentioned acts of Defendants were willful, wanton, malicious and oppressive, thus justifying the awarding of exemplary and punitive damages as to the individually-named Defendants.

WHEREFORE, Plaintiff requests Judgment against the Defendants, and each of them, as follows:

a. Trial by jury;

b. General damages, in an amount to be determined by proof at trial;

c. Punitive damages, according to proof;

d. Attorney's fees, costs and expenses as authorized by 42 U.S.C.A. § 1988, according to proof;

e. Costs and interest, according to law;

f. For leave to amend his Complaint; and,

g. Such other and further relief that the court considers proper.

## FOURTH CAUSE OF ACTION
Discrimination Under 42 U.S.C.A. § 1981

74. Plaintiff reallege and incorporate by reference, as though fully set forth here, each and every allegation set forth in the above Paragraphs.

75. On or about June 24, 2018, and at all times relevant to the events described above, Defendants Officer Hanna and Unknown Officers were employees, agents, and/or representatives of Defendant City.

76. The discriminatory practices described above were carried out:

    a. At the direction of and with the consent, encouragement, knowledge, and ratification of the Defendants City and Chief;

    b. Under Defendant City and Chief's authority, control, and supervision; and/or

    c. Within the scope of employees' employment.

77. Defendant City is liable for the unlawful acts of its employees, agents, and/or representatives directly and/or under the doctrine of respondeat superior.

78. Defendant City engaged, through its police department, in intentional discrimination based on Mr. Johnson's race, color, religion, ancestry, and/or national origin and caused Mr. Johnson to suffer deprivation of his right to freedom of travel, and to be free from unlawful detention and/or arrest by police officers acting under the color of law.

79. Defendant City's actions violated 42 U.S.C.A. § 1981.

80. As a direct, foreseeable, and proximate result of said wrongful acts by Defendants, Mr. Johnson suffered and will continue to suffer humiliation, anxiety to travel, shame, despair, embarrassment, depression, mental pain, anguish, injury to his reputations, and economic losses, all to Mr. Johnson's damage in an amount to be proven at time of trial.

81. As a direct, foreseeable, and proximate result of said wrongful acts by Defendants, Mr. Johnson, a frequent traveler, has endured and will continue to endure economic losses and emotional stress due to the difficulty of finding alternate routes to travel while driving as an African-American male.

WHEREFORE, Plaintiff requests Judgment against the Defendants, and each of them, as follows:

a. Trial by jury;

b. General damages, in an amount to be determined by proof at trial;

c. Punitive damages, according to proof;

d. Attorney's fees, costs and expenses as authorized by 42 U.S.C.A. § 1988, according

   to proof;

e. Costs and interest, according to law;

f. For leave to amend his Complaint; and,

g. Such other and further relief that the court considers proper.

### FIFTH CAUSE OF ACTION
Failure to Train Under 42 U.S.C.A. § 1983

82. Plaintiff realleges and incorporate by reference, as though fully set forth here, each and every allegation set forth in the above Paragraphs.

83. Defendants City and Chief, acting under the color of state law and through its Police Department's employees, agents, and/or representatives, intentionally and knowingly as an act of discrimination based on race, religion, ethnicity, and/or national origin, violated Mr. Johnsons' constitutional rights.

84. Out of deliberate indifference and/or unofficial custom and policy, said Defendants failed to adequately train or supervise the police officers as to the discrimination laws and what constitutes unlawful discriminatory conduct.

85. As a result, Mr. Johnson was detained without probable cause and searched for reasons devoid of any legitimate, nondiscriminatory concern.

86. Said Defendants should have known, trained, and instructed its employees, agents, and/or representatives to be aware that the act of driving while being an African-American male is not a security threat or a form of suspicious illegal activity.

87. As a direct and proximate result of said acts, indifference, custom, and policy established by Defendants City and Chief, Mr. Johnson has suffered and will continue to suffer humiliation, shame, despair, anxiety while traveling, embarrassment, depression, mental pain, anguish, and injury to his reputations, all to Mr. Johnsons' damage in an amount to be proven at time of trial.

WHEREFORE, Plaintiff requests Judgment against the Defendants, and each of them, as follows:

a. Trial by jury;

b. General damages, in an amount to be determined by proof at trial;

c. Attorney's fees, costs and expenses as authorized by 42 U.S.C.A. § 1988, according to proof;

d. Costs and interest, according to law;

e. For leave to amend his Complaint; and,

f. Such other and further relief that the court considers proper.

## SIXTH CAUSE OF ACTION
### Failure to Intervene, In Violation of 42 U.S.C.A. § 1983

88. Plaintiff reallege and incorporate by reference, as though fully set forth here, each and every allegation set forth in the above Paragraphs.

89. One or more of the Defendants Unknown Officers had a reasonable opportunity to prevent the other Defendants Unknown Officers—had they been so inclined but they failed to do so— from depriving Mr. Johnson the following: (a) the freedom from unreasonable searches; (b) freedom from unreasonable seizures in the form of unlawful detention and/or arrest by police officers; (c) freedom from a deprivation of Liberty without due process of law; (d) freedom from

maliciously being subjected to criminal proceedings; and (e) the freedom to move about freely as a citizen of the United States of America.

90. As a result of the Defendant Officers' failure to intervene, Mr. Johnson was humiliated, embarrassed, and suffered emotional distress.  In addition, Mr. Johnson suffered financial losses stemming from legal fees related to the criminal prosecution of the case that was brought against him in the Kentucky Jefferson County District Court.

91. The misconduct described in this Count was objectively unreasonable and was undertaken intentionally with malice, willfulness, and reckless indifference to the rights of others.

92. The misconduct described in this Count was undertaken pursuant to the policy and practice of Defendant City's Police Department in the manner described above and fully herein this Complaint.

93. The misconduct described in this Count was undertaken by the said Defendants Unknown Officers within the scope of their employment and under color of law such that their employer, Defendant City, is liable for their actions.

WHEREFORE, Plaintiff requests Judgment against the Defendants, and each of them, as follows:

    a. Trial by jury;

    b. General damages, in an amount to be determined by proof at trial;

    c. Attorney's fees, costs and expenses as authorized by 42 U.S.C.A. § 1988, according
      to proof;

    d. Costs and interest, according to law;

    e. For leave to amend his Complaint; and,

    f. Such other and further relief that the court considers proper.

## SEVENTH CAUSE OF ACTION
(Malicious Prosecution under 42 U.S.C.A. § 1983)

94. Plaintiff realleges and incorporate by reference, as though fully set forth here, each and every allegation set forth in the above Paragraphs.

95. The Defendants Officer Hanna and Unknown Officers, while acting under color of authority and knowing that it was reasonably foreseeable that their acts and omissions, including, but not limited to, knowingly or recklessly providing materially false, misleading and incomplete information, and/or omitting material information, to the prosecuting agencies for the purpose of having Mr. Johnson prosecuted for the said charges to cover-up their illegal acts, were the moving force behind the criminal prosecution to be commenced against the Mr. Johnson for allegedly violating KRS 304.39-080, Security covering motor vehicle and KRS 189.380, Signals.

96. Mr. Johnson was innocent of the said charges.

97. Said Defendants acted with malice, and in reckless disregard for the rights of Mr. Johnson, and without reasonable or probable cause, in their actions and omissions as the moving force in the prosecution of Mr. Johnson.  The said Defendants did not in good faith believe Mr. Johnson to be guilty of the crimes charged.

98. Defendants engaged in this malicious conduct with the purpose of depriving Mr. Johnson of his Constitutional rights to be free of unlawful seizure and the right to due process under the Fourth (4th) and Fourteenth (14th) Amendments to the United States Constitution.

99. These actions, or inactions, of Defendants were the moving force behind the prosecution of Mr. Johnson as alleged; and, as a result, Mr. Johnson has sustained, and will sustain, general and special damages as alleged, and has incurred attorney's fees, costs and expenses, including those as authorized by 42 U.S.C.A. § 1988, to an extent and in an amount subject to proof at trial.

100. Said Defendants' acts, as the moving force in instigating the criminal prosecution, were willful, wanton, malicious and oppressive, as alleged, and the resulting prosecution of

Mr. Johnson was induced by fraud, perjury and fabricated evidence, and undertaken in bad faith, in complete disregard for the rights of Mr. Johnson.  These acts justify the award of punitive damages against said Defendants, and each of them, in an amount to be determined at trial.

WHEREFORE, Plaintiff requests Judgment against the Defendants, and each of them, as follows:

a. Trial by jury;

b. General damages, in an amount to be determined by proof at trial;

c. Punitive damages, according to proof;

d. Attorney's fees, costs and expenses as authorized by 42 U.S.C.A. § 1988, according to proof;

e. Costs and interest, according to law;

f. For leave to amend his Complaint; and,

g. Such other and further relief that the court considers proper.

### EIGHTH CAUSE OF ACTION
Battery Claim Under Kentucky State Law

101. Plaintiff reallege and incorporate by reference, as though fully set forth here, each and every allegation set forth in the above Paragraphs.

102. Defendant Unknown Officer intentionally grabbed Mr. Johnson's arms and handcuffed his hands behind his back, without consent and without justification.

103. Defendant Unknown Officer's conduct were in violation of Kentucky's law.

104. The mentioned actions of Defendant Unknown Officer was the direct and proximate cause of the violations set forth above.

WHEREFORE, Mr. Johnson demands compensatory damages, jointly and severally, from Defendant Unknown Officers, punitive damages and costs. Mr. Johnson also demands whatever additional relief this Court deems equitable and just.

WHEREFORE, Mr. Johnson demands compensatory damages against Defendant City, costs and attorney fees. Mr. Johnson also demands whatever additional relief this Court deems equitable and just.

105. Each of the above Paragraphs in this Complaint is incorporated as if restated fully here.

106. Defendant City is and was at all times mentioned the employer of each Defendant Unknown Officers.

107. Defendants Unknown Officers, as alleged above, committed the wrongful acts under color of law and in the scope of his/her employment as an employee of Defendant City.

WHEREFORE, should Defendant Unknown Officer be found liable for any of the alleged counts in this cause, Mr. Johnson demands that Defendant City pay any judgment obtained against Defendant Unknown Officer as a result of this Complaint.

## NINTH CAUSE OF ACTION
Malicious Prosecution Under Kentucky State Law

108. Plaintiff reallege and incorporate by reference, as though fully set forth here, each and every allegation set forth in the above Paragraphs.

109. On June 24, 2018, Defendants Officer Hanna and Unknown Officers, while acting under color of authority, were the moving force behind the criminal prosecution to be commenced against the Plaintiff for allegedly violating KRS 304.39-080, Security covering motor vehicle and KRS 189.380, Signals, therefore as a result of their acts and omissions as stated herein this Complaint it was reasonably foreseeable that their acts and omissions

would be relied upon to prosecute Mr. Johnson, even though the said Defendants knew that Mr. Johnson was factually innocent of the said charges.

110. Said Defendants acted with malice, and with reckless disregard for the rights of Mr. Johnson, despite the fact that they knew that Mr. Johnson was factually innocent of the said charges.  Therefore they did not, and could not have, honestly, reasonably, and in good faith believe or believed Mr. Johnson to be guilty of the crimes charged.

111. Said Defendants' acts as the moving force in instigating the criminal prosecution were willful, wanton, malicious and oppressive, as alleged, and the resulting prosecution of Plaintiff was induced by fraud, perjury and fabricated evidence, and undertaken in bad faith in complete disregard for the rights of Mr. Johnson.  These acts justify the awarding of punitive damages against the said Defendants, and each of them, in an amount to be determined at trial.

WHEREFORE, Plaintiff requests Judgment against the Defendants, and each of them, as follows:

a. Trial by jury;

b. General damages, in an amount to be determined by proof at trial;

c. Punitive damages, according to proof;

d. Costs and interest, according to law;

e. For leave to amend his Complaint; and,

f. Such other and further relief that the court considers proper.

### TENTH CAUSE OF ACTION
Trespass to Property/Wrongful Taking/Conversion Under Kentucky State Law

112. Plaintiff reallege and incorporate by reference, as though fully set forth here, each and every allegation set forth in the above Paragraphs.

113. On or about June 24, 2018, Plaintiff was the owner and in possession of the following-described personal property: a magazine and ammunition which has a reasonable value of $49.98.

114. On the same said date, on Poplar Level Road, in Louisville, Jefferson County, Kentucky, Defendants Officer Hanna and/or Unknown Officers, acted alone, or in complicity with others and unlawfully took from Plaintiff's possession, and carried away, the above-described personal property.

115. By reason of the unlawful taking and detention of the said property, Plaintiff has sustained the following damages:

     (a) $39.99 dollars, which is the fair market value of the property;

     (b) $9.99 dollars, which is the fair market value of the property;

     (c) $80.00 dollars, which is the fair loss of use value of the property during the period of its detention by said Defendants; and

     (d) $1,500.00 dollars, expended by Plaintiff in effort to regain possession of the said property.

WHEREFORE, Plaintiff requests Judgment against the Defendants individually, jointly and severally, as follows:

a. Damages in the sum of $1,629.98;

b. General damages, in an amount to be determined by proof at trial;

c. Punitive damages, according to proof;

d. Costs and interest, according to law;

e. For leave to amend his Complaint; and,

f. Such other and further relief that the court considers proper.

## ELEVENTH CAUSE OF ACTION
Pretextual Stop Civil Rights Violation of Section 10 of the Constitution of the Commonwealth of Kentucky Right To Be Free From Unreasonable Searches & Seizures

(Against Defendant Officers, Individually and in their Official Capacity)

116. Plaintiff reallege and incorporate by reference, as though fully set forth here, each and every allegation set forth in the above Paragraphs.

117. This Count is alleged against Defendant Officers in their individual capacities.

118. At all times material hereto, said Defendants' actions and omissions were made under the color of authority and law as law enforcement officers for the Louisville-Metro Police Department.

119. On or about June 24, 2018, Defendants violated Mr. Johnson's clearly established state constitutional rights by effectuating a pretextual warrantless automobile stop.

120. Said Defendants demonstrated a deliberate indifference to and reckless disregard of Mr. Johnson's civil and constitutional rights.

121. Said Defendants' actions were willful, wanton, unlawful, and in gross disregard of Mr. Johnson's civil rights, justifying an award of punitive damages.

122. Mr. Johnson's hereby request reasonable attorney fees and costs associated with prosecuting this action as said Defendants' violation of his constitutional rights was oppressive, conniving, harsh, cruel, and/or tyrannical.

123. As a direct and proximate result of the said Defendants' illegal and unjustified conduct, Mr. Johnson was injured and is entitled to recover for what he has suffered in the past and will suffer in the future suffer, including:

(a.)    Deprivation of his constitutional rights;

(b.)    Humiliation, degradation, public ridicule, loss of personal reputation, and emotional distress;

(c.)    Actual and Compensatory Damages;

(d.)    All expenses associated with the prosecution of the instant action, including, but not limited to, court costs, anticipated discovery expenses, anticipated expert expenses,

and the maximum legally allowable judgment interest; and

(f.) Any other expenses allowed by federal or state law, including but not limited to

reasonable attorney's fees and costs.

**TWELFTH CAUSE OF ACTION**

Extension of Stop Civil Rights Violation of Section 10 of the Constitution of the Commonwealth
of Kentucky Right To Be Free From Unreasonable Searches & Seizures
(Against Defendant Officers, Individually)

124. Plaintiff reallege and incorporate by reference, as though fully set forth here, each
and every allegation set forth in the above Paragraphs.

125. This Count is alleged against Defendants Officers in their individual capacities.

126. At all times material hereto, said Defendants' actions and omissions were made
under the color of authority and law as law enforcement officers for the Louisville-Metro Police
Department.

127. On or about June 24, 2018, said Defendants violated Mr. Johnson's clearly
established state constitutional rights by extending the vehicle stop beyond what was
reasonably necessary to resolve the alleged basis for the stop.

128. Said Defendants demonstrated a deliberate reckless disregard of and indifference
to Mr. Johnson's civil and constitutional rights.

129. Said Defendants' actions were willful, wanton, unlawful, and in gross disregard of
Mr. Johnson's civil rights, justifying an award of punitive damages.

130. As a direct and proximate result of the said Defendants' illegal and unjustified
conduct, Mr. Johnson was injured and is entitled to recover for what he has suffered in the past
and will suffer in the future suffer, including:

(a.) Deprivation of his constitutional rights;

(b.) Humiliation, degradation, public ridicule, loss of personal reputation, and emotional
distress;

(c.) Actual and Compensatory Damages;

(d.) All expenses associated with the prosecution of the instant action, including, but not limited to, court costs, anticipated discovery expenses, anticipated expert expenses, and the maximum legally allowable judgment interest; and

(e.) Any other expenses allowed by federal or state law, including but not limited to reasonable attorney's fees and costs.

**WHEREFORE**, Plaintiff pray for Judgment against the aforementioned Defendants as follows:

(a.) Actual, Compensatory, Consequential, and all other allowable damages against said Defendant in an amount yet to be determined;

(b.) Mr. Johnson hereby request reasonable attorney fees and costs associated with prosecuting this action as said Defendants' violation of his constitutional right was oppressive, conniving, harsh, cruel, and/or tyrannical.

(c.) Compensation for violation of his constitutional rights, mental anguish, and humiliation;

(d.) Plaintiff's cost in this action, including reasonable attorney's fees and costs;

(e.) Punitive damages; and

(f.) Any other relief the Court deems just and equitable.

### THIRTEENTH CAUSE OF ACTION
Racially Biased Policing Civil Rights Violation of Section 3 of the Constitution of the Commonwealth of Kentucky
(Against Defendant Officers, Individually)

131. Plaintiff reallege and incorporate by reference, as though fully set forth here, each and every allegation set forth in the above Paragraphs.

132. This Count is alleged against Defendant Officers in their individual capacities.

133. At all times material hereto, said Defendants' actions and omissions were made under the color of authority and law as law enforcement officers for the Louisville-Metro Police Department.

134. The actions and omissions of the said Defendants were undertaken with the intent to discriminate against Mr. Johnson on account of his race and the color of his skin, denying Mr. Johnson his Ky Const § 3 right to equal protection under the law.

135. Defendants singled Mr. Johnson out for harassment and treated him differently from other similarly situated persons.

136. Defendants' differential treatment of Mr. Johnson was intentional, willful, malicious, arbitrary, irrational, motivated by ill-will and racial bias, and exhibited a conscious disregard or reckless indifference to Mr. Johnson's rights.

137. As a direct and proximate result of the said Defendants' illegal and unjustified conduct, Mr. Johnson was injured and is entitled to recover for what he has suffered in the past and will suffer in the future suffer, including:

(a.) Deprivation of his constitutional rights;

(b.) Humiliation, degradation, public ridicule, loss of personal reputation, and emotional distress;

(c.) Actual and Compensatory Damages;

(d.) All expenses associated with the prosecution of the instant action, including, but not limited to, court costs, anticipated discovery expenses, anticipated expert expenses, and the maximum legally allowable judgment interest; and

(e.) Any other expenses allowed by federal or state law, including but not limited to reasonable attorney's fees and costs.

**WHEREFORE**, Plaintiff pray for Judgment against the aforementioned said Defendants as follows:

(a) Actual, Compensatory, Consequential, and all other allowable damages against said Defendant in an amount yet to be determined;

(b.) Mr. Johnson hereby request reasonable attorney fees and costs associated with prosecuting this action as said Defendants' violation of his constitutional right was oppressive, conniving, harsh, cruel, and/or tyrannical.

(c.) Compensation for violation of his constitutional rights, mental anguish, and humiliation;

(d.) Plaintiff's cost in this action, including reasonable attorney's fees and costs;

(e.) Punitive damages; and

(f.) Any other relief the Court deems just and equitable.

## FOURTEENTH CAUSE OF ACTION
Civil Rights Violation
Pursuant to Section 3 and 10 of the Constitution of the Commonwealth of Kentucky
Deliberately Indifferent Policies, Practices, Customs, Training and Supervision
(Against Defendants Chief, Individually, and City)

138. Plaintiff reallege and incorporate by reference, as though fully set forth here, each and every allegation set forth in the above Paragraphs.

139. At all times material hereto, Defendant Chief's actions and/or omissions were made under the color of authority as the Chief of Police and this Count is made against him in his individual capacity.

140. Defendants Chief and City are responsible for establishing, maintaining, and enforcing the official policies, procedures, patterns, practices, and/or customs of the Louisville-Metro Police Department for traffic stops, detention of citizens, handcuffing, interrogations, vehicle searches, citizen searches, documentation of citizen/police interactions, and racially-neutral enforcement.

141. Defendant City is charged with the duty to ensure that its law enforcement officers are properly trained and supervised.

142. As Chief of Police, Defendant Chief is ultimately responsible for the training and supervision of his officers and employees.

143. Said Defendants violated Mr. Johnson's federal constitutional rights by:

(i) Permitting Louisville-Metro Jefferson County police officers to violate the constitutional rights of citizens;

(ii) Ratifying and approving the unlawful stopping, seizure, and detaining of citizens; failing to enforce policies and implement policies preventing the unlawful stopping, seizure, and detaining of citizens;

(iii) Failing to properly review citizen complaints against Louisville-Metro Jefferson County police officers;

(iv) Tolerating, encouraging, and permitting collusive statements by involved officers in such situations;

(v) Failing to adopt and/or enforce policies to document citizen interactions that do not result in arrest or citation;

(vi) Failing to monitor and address racially-disproportionate actions taken by Louisville-Metro Jefferson County police officers;

(vii) Failing to adopt a system to identify, track, and monitor problematic police behavior and patterns of unconstitutional conduct;

(viii) Failing to take adequate disciplinary measures against Louisville-Metro Jefferson County police officers who violate the civil rights of citizens;

(iv) Failing to train and/or supervise properly Defendant Officers in the constitutional requirements for the stopping, seizure, and detaining of citizens;

(v) Failing to conduct sufficient training or supervision with respect to the rights of citizens to be free from race-based policing; and

(vi) Failing to implement adequate maintenance training and properly focused maintenance training.

144. Defendants Chief and City's policies, procedures, customs, and/or practices caused Mr. Johnson's constitutional and federal rights to be infringed upon as set forth herein and in the other claims.

145.  The infringed upon rights of Mr. Johnson resulted from a conscious or deliberate choice by the defendants to follow a course of action from among various available alternatives.

146. The need for the aforementioned training and supervision was obvious and it was foreseeable that the inadequacy of Defendant Officers' training and supervision was likely to result in the violation of constitutional rights.

147. Defendants Chief and City demonstrated a deliberate indifference to and/or reckless disregard of Mr. Johnson's constitutional rights and those similarly situated to him.

148. Said Defendants failure to train and supervise Defendant Officers caused the violations of Mr. Johnson's constitutional and federal rights as set forth herein and in the other claims and resulted from a conscious or deliberate choice to follow a course of action from among various available alternatives.

149. As a direct and proximate result of the Defendants Chief and City's illegal and unjustified conduct, Mr. Johnson was injured and is entitled to recover for what he has suffered in the past and will suffer in the future suffer, including:

(a.) Deprivation of his constitutional rights;

(b.) Humiliation, degradation, public ridicule, loss of personal reputation, and emotional distress;

(c.) Actual and Compensatory Damages;

(d.) All expenses associated with the prosecution of the instant action, including, but not limited to, court costs, anticipated discovery expenses, anticipated expert expenses,

and the maximum legally allowable judgment interest; and

(e.) Any other expenses allowed by federal or state law, including but not limited to reasonable attorney's fees and costs.

**WHEREFORE**, Plaintiff pray for Judgment against the aforementioned Defendants as follows:

(a.) Actual, Compensatory, Consequential, and all other allowable damages against Defendant in an amount yet to be determined;

(b.) Compensation for violation of his constitutional rights, mental anguish, and humiliation;

(c.) Mr. Johnson hereby request reasonable attorney fees and costs associated with prosecuting this action as said Defendants' violation of his constitutional right was oppressive, conniving, harsh, cruel, and/or tyrannical.

(d.) Plaintiff's cost in this action, including reasonable attorney's fees and costs; and

(e.) Punitive damages; and

(f.) Any other relief the Court deems just and equitable.

### FIFTEENTH CAUSE OF ACTION
Negligent Supervision and Training Under Kentucky State Law
(Against Defendants Chief and City)

150. Plaintiff reallege and incorporate by reference, as though fully set forth here, each and every allegation set forth in the above Paragraphs.

151. Defendants Chief and City were the employers responsible for training and/or supervising officers of Defendant Officers.

152. As the employers, said Defendants have a duty to exercise reasonable care in the hiring, retention and supervision of individuals who, because of their employment, may pose a threat of injury to members of the public.

153. Said Defendants breached their duty in the negligent and reckless supervision and training of Defendant Officers as it relates to the misconduct alleged herein this Complaint.

154. Defendants Chief and City knew, or in the exercise of ordinary care should have known, of the incompetence, unfitness, and dangerous characteristics of Defendant Officers.

155. The incompetence and unfitness of Defendant Officers was a cause of damage to Mr. Johnson.

156. These Defendants' negligence was a proximate cause of Mr. Johnson's injuries.

**WHEREFORE**, the Plaintiff respectfully request judgment against the aforementioned Defendants Chief and City in an amount which will fully and fairly compensate him for his mental and emotional injuries and damages, compensatory damages, for interest and costs as allowed by law, and such other relief as may be just under the circumstances.

### SIXTEENTH CAUSE OF ACTION
Negligence-Ordinary and/or Gross Under Kentucky State Law

157. Plaintiff reallege and incorporate by reference, as though fully set forth here, each and every allegation set forth in the above Paragraphs.

158. Defendants Officers, and Chief owed a duty of care to Mr. Johnson to follow the proper law enforcement policies, procedures, and techniques, and to act as reasonable law enforcement officers would act under the same circumstances to ensure Mr. Johnson's rights are not infringed upon.

159. Defendants Chief and Officers breached this duty of care by: (A) Failing to follow standard law enforcement procedures, and/or (B) In the alternative, without waiving the foregoing, failing to act as reasonable law enforcement officers would and should have under the same or similar circumstances.

160. Defendants Chief and the City owed a duty of care to hire, train, and supervise their subordinates present and during or participating in the detention of Mr. Johnson, and to take steps to prevent events such as what has occurred as stated herein this Complaint.

161. Defendants Chief and the City breached this duty of care by: (A) Failing to use care in hiring Defendants Officers, and/or in the alternative, without waiving the foregoing, failing to properly train Defendants Officers; and/or, (B) In the alternative, without waiving the foregoing, failing to supervise Defendants Officers to ensure their conduct met the standard of ordinary and reasonable law enforcement officers.

162. Mr. Johnson suffered damages as a result of the injury inflicted by the aforementioned breach of duty by the Defendants, in which that breach of duty was the actual and proximate cause of the injuries Mr. Johnson sustained and from which he continues to suffer.

163. In addition and in the alternative, the Defendants' breach of duty as above described, was so egregious that it rises to the level of gross negligence and supports an award of punitive as well as compensatory damages.

**WHEREFORE**, the Plaintiff respectfully request judgment against the aforementioned Defendants in an amount which will fully and fairly compensate him for his mental and emotional injuries and damages, compensatory damages, for interest and costs as allowed by law, and such other relief as may be just under the circumstances.

## SEVENTEENTH CAUSE OF ACTION
Infliction of Emotional Distress-Negligent and/or Intentional Under Kentucky State Law

164. Plaintiff reallege and incorporate by reference, as though fully set forth here, each and every allegation set forth in the above Paragraphs.

165. Defendant Officers had a duty to act according to the standard of ordinary care of law enforcement officers, and to safeguard the constitutional rights of individuals, the failure of which was the direct and proximate cause of Mr. Johnson's injuries.

166. Defendant Officers breached this duty by unlawfully detaining Mr. Johnson.

167. Defendants Chief and the City owed a duty to supervise or train Defendants Officers, and to take steps to prevent events such as which occurred here, to wit, unlawful seizure, negligent supervision, retention, and hiring, negligent infliction of emotional distress, and the violation of Mr. Johnson's other constitutional rights as set fourth in this Complaint.

168. Defendants Chief and the City breached the aforementioned duty by failing to act as entities in a supervisory role would act in this situation, by failing to perform their duties, failing to adequately control and failing to supervise the Defendant City's police department employees.

169. That the actions of the said Defendants were outrageous and intolerable, and that said actions offended against the generally accepted standards of decency and morality.

170. As a consequence, Mr. Johnson was subjected to wanton and unnecessary mental anguish and emotional suffering.

171. As a result of the Defendants' breaches, which were the proximate causes of the Mr. Johnson's injuries, he suffered harm and damages.

172. The actions of the Defendants, in negligently inflicting emotional distress upon Mr. Johnson, or in the alternative, intentionally inflicting same upon him, justify an award of punitive and compensatory damages.

173. Defendants Chief and the City are liable under the doctrine of respondeat superior and were negligent in their hiring, training and retention of Defendants Officers respectively.

**WHEREFORE**, the Plaintiff respectfully request judgment against the aforementioned Defendants in an amount which will fully and fairly compensate him for his mental and emotional

injuries and damages, compensatory damages, for interest and costs as allowed by law, and such other relief as may be just under the circumstances.

**JURY DEMAND**

Plaintiff hereby demand a trial by jury in these matters on all counts to which Plaintiff is entitled to a jury.

Respectfully Submitted,

SHAUN A. WIMBERLY, SR.
Wimberly & Associates, PLLC.
325 West Main Street
Suite 1816 Waterfront Plaza
Louisville, KY. 40202
Office: (502) 208-1887
Fax: (502) 208-1858
*COUNSEL FOR PLAINTIFF*