*Electronically Filed*

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

CASE ACTION NO. 3:19-CV-431-GNS-CHL

| JAMAJ JOHNSON | | **PLAINTIFF** |
|---|---|---|
| vs. | **ANSWER TO AMENDED COMPLAINT** | |
| LOUISVILLE/JEFFERSON COUNTY<br>METRO GOVERNMENT, *et al* | | **DEFENDANTS** |

\* \* \* \* \* \* \* \* \* \*

Come the Defendants, Louisville/Jefferson County Metro Government ("Metro") and Chief Steve Conrad, by and through Counsel, answers Plaintiff's Complaint as follows:

1. Paragraphs 1, and 2, of the Complaint state legal conclusions to which no response is required. To the extent that a response is required, Defendants admit that jurisdiction and venue are proper before this Court but deny the remaining allegations.

2. Defendants are without sufficient information to form a belief as to the allegations contained in Paragraph 3, of the Complaint, and therefore Defendants deny same.

3. With respect to Paragraph 4, Defendants admit that Officer Hanna was employed as an LMPD officer at all relevant times.

4. Defendants are without sufficient information with which to admit or deny the allegations in Paragraph 5 and therefore deny same.

5. With respect to Paragraph 6, Defendants admit the portions pertaining to Officer Hanna. Defendants deny those portions of Paragraph 6 relating to "unknown individuals," in part for lack of knowledge.

6. Defendants admit that at all relevant times, Steve Conrad was the Chief of the Louisville Metro Police Department.

7. With respect to Paragraph 8 of the Complaint, Defendants state that Metro Government is a consolidated local government pursuant to KRS 67C, and that Louisville Metro Police Department (LMPD) is an agency of Metro Government.

8. Paragraph 9 does not require a response. To the extent that a response is required, Defendants deny the allegations contained in this Paragraph.

9. With respect to the allegations contained in Paragraphs 10-41, Defendants state that the traffic stop at issue was recorded on body camera, and the video evidence will speak for itself. Defendants further state that the citation will speak for itself. Defendants admit that the traffic stop at issue occurred in Jefferson County, Kentucky. Defendants deny the remaining allegations, in part due to lack of knowledge as these paragraphs pertain to allegations that are not specific to these Defendants.

10. Defendants deny the allegations contained in Paragraphs 42-46, in part for lack of knowledge.

11. Defendants are without sufficient knowledge to form a belief as to the truth of the allegations contained in Paragraphs 47-49, and therefore deny same. Defendants state that all media reports will speak for themselves.

12. With respect to Paragraph 50, Defendants state that all interviews and testimony are matters of public record and will speak for themselves.

13. In response to Paragraph 51 of Plaintiff's Complaint, Defendants restate and incorporate by reference all answers and defenses set forth above.

14. Defendants deny the allegations contained in Paragraphs 52-55.

15. This Court tendered an Order on October 30, 2020 granting in part and denying in part Defendants' Motion to Dismiss [DN 24]. The claims in Paragraphs 56-57 address a claim dismissed by the Court, and no further response is needed. To the extent that a response is required, Defendants deny same.

16. In response to Paragraph 58 of Plaintiff's Complaint, Defendants restate and incorporate by reference all answers and defenses set forth above.

17. Paragraphs 59-73 of Plaintiff's Complaint do not state claims against Metro Government or Chief Conrad and therefore do not require responsive pleadings from these Defendants; nevertheless, out of an abundance of caution, Defendants deny the allegations in Paragraphs 59-73 of Plaintiff's Complaint, in part for lack of sufficient knowledge.

18. Paragraphs 74-81 pertain to Plaintiff's 1981 claim that was dismissed in DN 24, and no further response is needed. To the extent that a response is required, Defendants deny the allegations contained in Paragraphs 74-81 of the Complaint.

19. In response to Paragraph 82 of Plaintiff's Complaint, Defendants restate and incorporate by reference all answers and defenses set forth above.

20. Defendants deny the allegations contained in Paragraphs 83-86.

21. Defendants are without sufficient information to form a belief as to the truth of the allegations contained in Paragraph 87 of the Complaint, and therefore deny same.

22. Paragraphs 88-137 do not state claims against these Defendants, and no response is required. To the extent that a response is required, Defendants deny same, in part due to lack of knowledge.

23. In response to Paragraph 138 of Plaintiff's Complaint, Defendants restate and incorporate by reference all answers and defenses set forth above.

24. Paragraphs 139-142 of the Complaint state legal conclusions to which no response is required. To the extent that a response is required, Defendants state that Defendant Conrad acted within his capacity as Chief of LMPD and that LMPD's officers were properly trained and supervised.

25. Defendants deny the allegations contained in Paragraphs 143-149.

26. In response to Paragraph 150 of Plaintiff's Complaint, Defendants restate and incorporate by reference all answers and defenses set forth above.

27. Paragraphs 151-152 state legal conclusions to which no response is required. To the extent that a response is required, Defendants state that LMPD's officers were properly trained and supervised.

28. Defendants deny the allegations contained in Paragraphs 153-156.

29. In response to Paragraph 157 of Plaintiff's Complaint, Defendants restate and incorporate by reference all answers and defenses set forth above.

30. Paragraph 158 states a legal conclusion to which no response is required. To the extent that a response is required, Defendants state that proper law enforcement policies and procedures were followed with respect to the traffic stop at issue.

31. Defendants deny the allegations contained in Paragraph 159 of the Complaint.

32. Paragraph 160 of the Complaint states a legal conclusion to which no response is required. To the extent that a legal conclusion is required, Defendants state that the LMPD Officers were properly trained and supervised.

33. Defendants deny the allegations in Paragraph 161.

34. Defendants deny the allegations contained in Paragraph 162 of the Complaint, in part for lack of knowledge.

35. Defendants deny the allegations in Paragraph 163 of the Complaint.

36. Paragraphs 164-173 of the Amended Complaint relate to claims that were dismissed in DN 24, and no further responsive pleading is required. To the extent that a response is required, Defendants deny said allegations.

37. All allegations in the Amended Complaint not specifically admitted or denied are hereby denied.

### First Defense

38. The Complaint Fails to State a claim for which relief may be granted.

### Second Defense

39. The injuries and damages claimed in the Complaint were caused in whole or in part by the actions of Plaintiff and/or a third party.

### Third Defense

40. Defendants are entitled to absolute immunity.

### Fourth Defense

41. Plaintiff's action is barred, in whole or in part, by qualified immunity, sovereign immunity, and/or any other applicable immunity as at all times relevant to the Complaint, Defendant Officers and Chief Conrad acted in good faith and in accordance with clearly established law.

### Fifth Defense

42. The Plaintiff's injuries and damages, if any, were caused in whole or in part from intervening acts and/or superseding causes over which Defendants have no control or for which these Defendants have no responsibility or liability.

### Sixth Defense

43. Defendants affirmatively plead each of the enumerated defenses contained in Federal Rules of Procedure 8 and 12, including but not limited to waiver, laches and estoppel, to the extent such defense or defenses are or may be applicable.

### Seventh Defense

44. Plaintiff has failed to mitigate damages, if any, and is therefore barred from relief.

### Eighth Defense

45. The Complaint fails to allege facts sufficient to permit an award of punitive damages against Defendant, Chief Steve Conrad.

### Ninth Defense

46. The above styled action may be barred by arbitration and award, accord and satisfaction, estoppel, waiver, release, and any other matter constituting an avoidance or affirmative defense.

### Tenth Defense

47. Defendants expressly reserve the right to file further pleadings and to assert additional defenses as the proof develops

WHEREFORE, the Defendants demand judgment as follows:

1. That the Complaint be dismissed and held for naught;

2. For their costs herein expended;

3. Trial by Jury;

4. For leave to amend this Answer to conform to the evidence;

5. For leave to amend this Answer for affirmative defenses to conform to the evidence; and

6. For any and all other appropriate relief to which they may appear entitled.

Respectfully submitted,

MICHAEL J. O'CONNELL
JEFFERSON COUNTY ATTORNEY

/s/ *Susan K. Rivera*
Susan K. Rivera
Assistant Jefferson County Attorney
200 S. Fifth Street, Suite 300 N
Louisville, KY 40202
*Susan.rivera@louisvilleky.gov*
 (502) 574-3076
*Counsel for Defendants*

CERTIFICATE OF SERVICE

I hereby certify that on November 12, 2020, I electronically filed the foregoing with the clerk of the court by using the CM/ECF system which will automatically send copies to all counsel of record.

/s/ *Susan K. Rivera*
Susan K. Rivera